UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUIS MUSA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1520** |
| **TRAVEL GUARD GROUP, INC., ET AL.** | **SECTION: "H"** |

# ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Defendants Travel Guard Group, Inc., National Union Fire Insurance Company of Pittsburgh, Pa., and American International Group, Inc., have failed to adequately plead the amount in controversy in their Notice of Removal. Accordingly, Defendants shall amend their notice to correct this jurisdictional defect within 20 days of the entry of this Order.

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon the Court's diversity jurisdiction.[2] Cases arising under § 1332 require,

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).
[2] *See* 28 U.S.C. § 1332.

*inter alia*, an amount in controversy that exceeds the sum of $75,000 exclusive of interest and costs.[3]

Defendants, as the removing parties, bear the burden of demonstrating that the amount in controversy requirement is met and that removal was proper.[4] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[5] In Louisiana, plaintiffs may not allege a specific amount of damages and may be awarded relief not requested in the pleadings.[6] "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]."[7] "Proving a fact by a 'preponderance of the evidence' means showing that the existence of a fact is more likely so than not."[8]

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the facts in

---

[3] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted); 28 U.S.C. § 1332.

[4] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

[5] *Id.* Plaintiffs filed a Motion for Leave to Amend their state court Petition on September 19, 2025, which remains pending before this Court. Doc. 16. The Court will defer ruling on Plaintiffs' Motion for Leave until it can ascertain whether it has subject matter over the dispute. Nonetheless, the Court notes that Plaintiff's proposed amendment does not address the deficiencies identified herein.

[6] Welch v. Occidental Fire & Cas. Co. of N.C., No. 23-5836, 2023 WL 8271613 (E.D. La. 2023) (internal citations omitted); *see also* LA. CODE CIV. P. arts. 893 & 862.

[7] DeAguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993) (*Boeing I*).

[8] Reed v. LKQ Corp., 436 F. Supp. 3d 892, 898 n.1 (N.D. Tex. 2020) (citing Herman & MacLean v. Huddleston, 459 U.S. 375, 390 (1983)).

> controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[9]

Removal, however "'cannot be based simply upon conclusory allegations.'"[10]

On the face of Plaintiffs' state court Petition, it is not apparent that the amount in controversy exceeds $75,000. Plaintiffs generally allege the breach of a travel insurance contract and bad faith insurance practices, but do not allege a specific amount of damages or any policy terms, including the amount of coverage, in their state court Petition. Further, Plaintiffs' state court Petition does not contain details about the international travel from which the Court could reasonably conclude that Plaintiffs' damages exceed the jurisdictional amount. The Court is unequipped to determine whether the amount in controversy is met based off of Plaintiffs' allegations of "significant and unanticipated travel delays, cancellations," and "downgrades in seating and lodging," the failure to render "proper accommodation or assistance," and the "loss of enjoyment and additional out-of-pocket costs."[11] While Plaintiff's claim for bad faith insurance practices under state law could impose a penalty on Defendant, said penalty is fifty percent of the principal damage award—which cannot be determined on the face of Plaintiffs state court Petition.[12]

---

[9] Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999) (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)).

[10] Felton v. Greyhound Lines, Inc., 324 F.3d 771, 774 (5th Cir. 2003) (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

[11] Doc. 1-1 at 2. Plaintiff further prays for "inconvenience costs," "mental anguish and emotional distress damages." *Id.* at 3.

[12] A successful claim under § 1892 "shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, plus any proven economic damages sustained as a result of the breach, or one thousand dollars, whichever is greater, payable to the insured, or in the event that a partial payment or tender has been made, fifty percent of the difference between the amount paid or

Accordingly, Plaintiff's state court Petition does not adequately demonstrate the requisite amount in controversy.

The Court must therefore determine whether Defendants have set forth sufficient facts in controversy that support a finding that the jurisdictional amount is met. In their Notice of Removal, Defendants allege that "it is clear that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction," as "the trip(s) at issue involved several flights and lodging," and Plaintiffs seek "statutory penalties under La. Rev. Stat. § 22:1892."[13] Through its Notice of Removal, Defendants allege slightly more than Plaintiffs but fail to prove that it is more likely than not that the amount in controversy exceeds $75,000.

Defendants also argue that the Plaintiffs' failure to allege that the monetary value of their claims are less than $75,000, as required by Louisiana Code of Civil Procedure Article 893, is further evidence that the amount in controversy is met.[14] "'[T]he failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy,' but [the] omission is entitled to some consideration in the jurisdictional amount inquiry."[15] Where "damage-related allegations in the Petition provide little in terms of quantifiable damages," as in Plaintiffs' state court Petition,

---

tendered and the amount found to be due, plus any proven economic damages sustained as a result of the breach, as well as, in either instance, reasonable attorney fees and costs." LA. REV. STAT. § 22:1892.

[13] Doc 1 at 5.

[14] Doc 1 at 5–6.

[15] Trahan v. Drury Hotels Co., LLC, CIV.A. 11-521, 2011 WL 2470982, at *4 (E.D. La. June 20, 2011) (citing Ford v. State Farm Mut. Auto. Ins. Co., 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009)).

4

"the fact that [Plaintiffs' allegations] are also absent of an Article 893 statement does not establish that the jurisdictional amount in controversy has been satisfied."[16] Accordingly, the Court finds that Defendant has failed to satisfy its burden in showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Defendant's failure to properly allege the requisite amount in controversy is not fatal.[17] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[18] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[19] Thus, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'"[20] The record in this matter does not reveal, nor has any party argued, that diversity jurisdiction is not present. Accordingly, Defendant is granted leave to amend the Notice of Removal to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction.

## CONCLUSION

---

[16] *Id.*
[17] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).
[18] *Id.* at 888.
[19] *Id.*
[20] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).

For the foregoing reasons, the Court finds that Defendant has failed to adequately allege the requisite amount in controversy. Defendant is granted leave to amend the Notice of Removal within 20 days from the entry of this Order. Failure to file timely an amended notice will result in remand for lack of subject matter jurisdiction.

New Orleans, Louisiana this 25th day of September, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**