UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LUIS MUSA, ET AL.**                    **CIVIL ACTION**

**VERSUS**                              **NO: 25-1520**

**TRAVEL GUARD GROUP, INC.,**            **SECTION: "H"**
**ET AL.**

## <u>ORDER AND REASONS</u>

Pursuant to this Court's Order to adequately allege the requisite amount in controversy,[1] Defendants, Travel Guard Group, Inc., National Union Fire Insurance Company of Pittsburgh, Pa., and American International Group, Inc., filed an Amended Notice of Removal on October 15, 2025 (Doc. 20). The Court again examines subject matter jurisdiction *sua sponte*. Defendants have failed to adequately plead the amount in controversy in their Notice of Removal. Accordingly, Defendants shall amend their notice to correct this jurisdictional defect within 7 days of the entry of this Order.

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[2] Subject matter jurisdiction in this case is premised

---

[1] Doc. 18.
[2] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).

upon the Court's diversity jurisdiction.[3] Cases arising under § 1332 require, *inter alia*, an amount in controversy that exceeds the sum of $75,000 exclusive of interest and costs.[4]

Defendants, as the removing parties, bear the burden of demonstrating that the amount in controversy requirement is met and that removal was proper.[5] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed *at the time of removal*."[6] In Louisiana, plaintiffs may not allege a specific amount of damages and may be awarded relief not requested in the pleadings.[7] "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]."[8] "Proving a fact by a 'preponderance of the evidence' means showing that the existence of a fact is more likely so than not."[9]

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the facts in

---

[3] *See* 28 U.S.C. § 1332.

[4] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted); 28 U.S.C. § 1332.

[5] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

[6] *Id.* (emphasis added). Plaintiffs filed a Motion for Leave to Amend their state court Petition on September 19, 2025; the Motion remains pending before this Court. Doc. 16. In its last Order, the Court deferred ruling on Plaintiffs' Motion for Leave until it can ascertain whether it has subject matter over the dispute. Nonetheless, the Court notes that Plaintiff's proposed amendment does not address the deficiencies identified herein.

[7] Welch v. Occidental Fire & Cas. Co. of N.C., No. 23-5836, 2023 WL 8271613 (E.D. La. 2023) (internal citations omitted); *see also* LA. CODE CIV. P. arts. 893 & 862.

[8] DeAguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993) (*Boeing I*).

[9] Reed v. LKQ Corp., 436 F. Supp. 3d 892, 898 n.1 (N.D. Tex. 2020) (citing Herman & MacLean v. Huddleston, 459 U.S. 375, 390 (1983)).

controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[10]

Removal, however "'cannot be based simply upon conclusory allegations.'"[11]

On the face of Plaintiffs' state court Petition, it is not apparent that the amount in controversy exceeds $75,000.[12] Plaintiffs generally allege the breach of a travel insurance contract and bad faith insurance practices, but do not allege a specific amount of damages or any policy terms, including the amount of coverage, in their state court Petition. Further, Plaintiffs' state court Petition does not contain details about the international travel from which the Court could reasonably conclude that Plaintiffs' damages exceed the jurisdictional amount. The Court is unequipped to determine whether the amount in controversy is met based off of Plaintiffs' allegations of "significant and unanticipated travel delays, cancellations," and "downgrades in seating and lodging," the failure to render "proper accommodation or assistance," and the "loss of enjoyment and additional out-of-pocket costs."[13] While Plaintiffs' claim for bad faith insurance practices under state law could impose a penalty

_____

[10] Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999) (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)).

[11] Felton v. Greyhound Lines, Inc., 324 F.3d 771, 774 (5th Cir. 2003) (quoting *Allen*, 63 F.3d at 1335).

[12] The Court cannot address Defendant's contentions that the amount in controversy is facially apparent from Plaintiffs' First Amended Complaint as Plaintiffs have not yet been granted leave of Court to file their First Amended Complaint. Doc. 20 at 5. The Court withholds its decision on Plaintiffs' Motion for Leave to File an Amended Complaint, pending its determination of whether the Court has subject matter jurisdiction over this removed action. *See* Doc. 16. Even if the Court were to consider the proposed First Amended Complaint, however, the requisite amount in controversy is not facially apparent in Plaintiffs' proposed amendment.

[13] Doc. 1-1 at 2. Plaintiff further prays for "inconvenience costs," "mental anguish and emotional distress damages." *Id.* at 3.

on Defendant, said penalty is fifty percent of the principal damage award—which cannot be determined on the face of Plaintiffs state court Petition.[14] Accordingly, Plaintiff's state court Petition does not adequately demonstrate the requisite amount in controversy.

The Court must therefore determine whether Defendants have set forth sufficient facts in controversy supporting a finding that the jurisdictional amount is met. In their Amended Notice of Removal, Defendants allege that the Court has original subject matter jurisdiction under § 1332 over Plaintiff Luis Musa's ("Musa") claims and supplemental jurisdiction under § 1367 over Plaintiff Denise Eslick's ("Eslick") claims.[15]

Defendants allege that Musa was issued a travel policy insuring an overseas trip valued at $24,646.00.[16] Under Musa's state law claim, he could possibly recover a fifty percent statutory penalty for damages "due from the insurer to the insured, plus any proven economic damages sustained as a result of the breach, or one thousand dollars, whichever is greater," and "reasonable

---

[14] A successful claim under § 1892 "shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, plus any proven economic damages sustained as a result of the breach, or one thousand dollars, whichever is greater, payable to the insured, or in the event that a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due, plus any proven economic damages sustained as a result of the breach, as well as, in either instance, reasonable attorney fees and costs." LA. REV. STAT. § 22:1892.

[15] Defendant alleges that all "Plaintiffs were traveling together and shared nearly identical, if not totally identical, travel plans and identical insurance policies." Doc. 20 at 8–9. Based on the pleaded facts, the Court is perplexed why Musa's claims meet the requisite amount in controversy, while Eslick's claims do "not satisfy the jurisdictional amount required by 28 U.S.C. § 1332(a)." Doc. 20 at 8.

[16] *Id.* at 6. As Defendants reference parties who are not yet joined in this action, namely Linda McElveen and Robert Stewart, the Court reads the Amended Notice of Removal as if these parties were not included in Defendant's arguments.

attorney fees and costs."[17] Defendants have failed to provide any factual allegations or evidence that assists the Court in determining the value of Musa's claim, including economic damages, reasonable attorney fees and costs, and Plaintiffs' claimed "mental anguish and emotional distress damages."[18] Assuming that Musa was entitled to recover for the full value of his trip under the policy, the statutory penalties would place his recovery at just $36,969.00.[19] Where a defendant has failed to plausibly provide a reasonable estimate of fees in its estimate, some courts use a contingency fee arrangement to calculate attorneys' fees for the purposes of determining the amount in controversy.[20] Here, even applying a 40% contingency fee arrangement, Musa would incur $14,787.60 in legal fees, meaning his total possible award, including attorney's fees would be $51,756.60—still $23,243.40 short of the jurisdictional minimum for Musa's claim.

Defendants also argue that the Plaintiffs' failure to allege that the monetary value of their claims are less than $75,000, as required by Louisiana Code of Civil Procedure Article 893, is further evidence that the amount in controversy is met.[21] "'[T]he failure to include an Article 893 stipulation alone

---

[17] LA. REV. STAT. § 22:1892.

[18] Doc. 20 at 6.

[19] The Court assumes that the value of Plaintiffs' trips constitutes the maximum coverage under their respective insurance policies. Fifty percent of the total policy amount is $12,323.00.

[20] *See e.g.*, Gelvin v. State Farm Mut. Auto. Ins. Co., No. 12-734, 2012 WL 1354855, at *3, (E.D. La. Apr., 18, 2012) (applying a 40% contingency fee, as proposed by the plaintiff, to calculate the amount in controversy where the underlying claim was $42,500); *but see* Potts v. Southern Fildelity Ins. Co., No. 10-3039, 2011 WL 289239, at *4 (E.D. La. Jan. 25, 2011) (declining to estimate attorney's fees where defendants provided no evidence of potential attorney's fees and where the underlying claim totaled, at most, $16,426.85).

[21] Doc 1 at 5–6.

5

is insufficient to establish that the jurisdictional minimum is in controversy,' but [the] omission is entitled to some consideration in the jurisdictional amount inquiry."[22] Where "damage-related allegations in the Petition provide little in terms of quantifiable damages," as in Plaintiffs' state court Petition, "the fact that [Plaintiffs' allegations] are also absent of an Article 893 statement does not establish that the jurisdictional amount in controversy has been satisfied."[23] Accordingly, the Court finds that Defendant has failed to satisfy its burden in showing by a preponderance of the evidence that the amount in controversy for either Plaintiff exceeds $75,000.[24]

Defendant's failure to properly allege the requisite amount in controversy is not fatal.[25] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[26] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[27] Thus, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'"[28] The record in this matter does not reveal,

---

[22] Trahan v. Drury Hotels Co., LLC, CIV.A. 11-521, 2011 WL 2470982, at *4 (E.D. La. June 20, 2011) (citing Ford v. State Farm Mut. Auto. Ins. Co., 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009)).

[23] Id.

[24] Without original subject matter jurisdiction, Defendant's assertion that the Court has supplemental jurisdiction over Eslick's claims cannot stand. 28 U.S.C. § 1367.

[25] See Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).

[26] Id. at 888.

[27] Id.

[28] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).

nor has any party argued, that diversity jurisdiction is not present. Accordingly, Defendant is granted leave to amend the Notice of Removal to allege "distinctly and affirmatively" the jurisdictional facts that give rise to this Court's jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant has failed to adequately allege the requisite amount in controversy in their Amended Notice of Removal. Defendant is granted leave to amend the Notice of Removal within 7 days from the entry of this Order. Failure to file timely an amended notice will result in remand for lack of subject matter jurisdiction.

New Orleans, Louisiana this 23rd day of October, 2025.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

7